BINGHAM MCCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
ADRIENNE L. TACLAS (SBN 211232)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

BINGHAM MCCUTCHEN LLP
MARY T. HUSER (SBN 136051)
SUSAN VASTANO VAUGHAN (SBN 223576)
1900 University Avenue
East Palo Alto, CA  94303-2223
Telephone:  (650) 849-4400
Facsimile:  (650) 849-4800

PAUL, HASTINGS, JANOFSKY & WALKER LLP
STEPHEN S. KORNICZKY  (SBN 135532)
S. CHRISTIAN PLATT (SBN 199318)
3579 Valley Center Drive
San Diego, CA 92130
Telephone:  858.720.2500
Facsimile:  858.720.2555

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ICU MEDICAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>B. BRAUN MEDICAL, INC., a Pennsylvania corporation,<br><br>Defendant. | No. CV 02-3202 CRB (MEJ)<br><br>PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE<br><br>Date:     February 11, 2005<br>Time:    10:00 a.m.<br>Place:    Courtroom 8, 19th Floor<br>Judge:   The Hon. Charles R. Breyer<br><br>**PUBLIC REDACTED VERSION** |

Case No. CV 02-3202 CRB (MEJ)

PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3

## I. INTRODUCTION

Braun's inequitable conduct defense is the archetype of the "plague" that has infected patent litigation. *See Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague."). Despite the Federal Circuit's disapproval of such tactics, Braun has repeatedly asserted unsubstantiated inequitable conduct allegations against ICU without success. *See* ICU's Opening Brief at 2:3-9. Braun's burden of proof with respect to inequitable conduct is high; it must establish both material nondisclosure and an intent to deceive by clear and convincing evidence. *Hoffmann-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003). Unsupported allegations or conjecture are insufficient to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the responding party "must do more than simply show that there is some metaphysical doubt as to the material facts."). Braun's Opposition, however, is founded on conjecture and devoid of any factual evidence of inequitable conduct, let alone clear and convincing evidence.

Braun cannot dispute that its inequitable conduct defense is based solely on its claim that the PTO was not informed of the existence of this litigation. *See* Declaration of Susan V. Vaughan in Support of ICU Medical, Inc.'s Motion for Summary Judgment on Inequitable Conduct ("Vaughan Decl."), Ex. E. It remains undisputed that pursuant to 35 U.S.C. § 290, the Clerk of the Court notified the PTO of this litigation. *See* Vaughan Decl., Exs. C and D. Thus, it is undisputed that there was no material omission. That alone entitles ICU to summary judgment. *See Hoffmann-La Roche*, 323 F.3d at 1359 (noting that omission of a material fact and intent to deceive are distinct elements, both of which need to be shown by clear and convincing evidence).

Furthermore, Braun has failed to come forth with any evidence of intent to deceive. Braun has not and cannot dispute that notice of this litigation was given to the PTO.

PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3

| | |
|---|---|
| 1 | *See* Vaughan Decl., Exs. C and D; Braun's Opp. at 10:20-21.  ICU relied in good faith on the |
| 2 | Clerk's notification.  Braun does not contest that ICU disclosed all material prior art from this |
| 3 | litigation to the '673 patent examiner and can point to no other material information allegedly |
| 4 | omitted.  *See* Vaughan Decl., Ex. G.  In light of these undisputed facts, no reasonable jury could |
| 5 | find clear and convincing evidence of intent to deceive.  Therefore, ICU respectfully requests |
| 6 | that this Court grant its Motion for Summary Judgment on Braun's Inequitable Conduct Defense. |

**II.     ARGUMENT**

    **A.     Summary Judgment of No Inequitable Conduct is Warranted as No Material Information Was Withheld from the PTO.**

        **1.     The Existence of this Litigation was Disclosed to the PTO.**

Braun's sole surviving inequitable conduct defense alleges that ICU did not "bring the existence of this litigation to the attention of the PTO[.]"  *See* Vaughan Decl., Ex. E at ¶ 37.  It is undisputed, however, that the litigation was brought to the attention of the PTO when the Clerk gave notice of this litigation pursuant to 35 U.S.C. § 290.  *See id.*, Exs. C and D.  Braun argues that ICU has an independent duty to inform the PTO notwithstanding the Clerk's notice.  Relevant authority says the opposite.  *See Haney v. Timesavers, Inc.*, 900 F. Supp. 1378, 1382 (D. Or. 1995) (noting that where the Patent Office was notified of the existence of pending litigation pursuant to 35 U.S.C. § 290, "complaints as to how [] information was conveyed to the Patent Office cannot form the basis for a claim of inequitable conduct"); *see also* Declaration of Michael Sofocleous in Support of ICU's Reply for its Motion for Summary Judgment on Braun's Inequitable Conduct Defense ("Sofocleous Decl.") ¶¶ 21-23.

The PTO was notified.  The inquiry should end there.  *See* Sofocleous Decl. ¶ 21.

None of the cases on which Braun relies addresses the sufficiency of a clerk's 35 U.S.C. § 290 disclosure in bringing the existence of litigation to the attention of the PTO as required by MPEP § 2001.06(c).  Braun's arguments therefore shed no light on the issue before this Court, and fail to raise a disputed issue of fact.  The Court Clerk's notification of this

2     Case No. CV 02-3202 CRB (MEJ)

PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3

1  litigation to the PTO is undisputed.  *Haney*, the only case to discuss a clerk's 35 U.S.C. § 290
2  notification in relation to disclosing the existence of pending litigation, found such notification to
3  be sufficient and thus is dispositive.  900 F. Supp. at 1382.  Because Braun has not and cannot
4  possibly show that the existence of this litigation was withheld from the PTO, summary
5  judgment is warranted.

### 2. Litigation Materials Were Disclosed to the '673 Patent Examiner.

Braun also obfuscates the issue by arguing that its inequitable conduct allegations are based on ICU's supposed failure to provide undefined material information arising from the litigation (e.g., prior art, pleadings, discovery, and other documents) to the '673 patent examiner.  *See* Braun's Opp. at 12:5-14:11.  In its Answer, however, Braun did not allege inequitable conduct on these grounds.  *See* Vaughan Decl., Ex. E at ¶¶ 35-37.  In fact, in response to discovery regarding its inequitable conduct defense, Braun again relied solely on alleged nondisclosure of the "existence of the litigation."  *See id*., Ex. F.

Regardless, Braun offers no factual support for this claim either.  ICU disclosed all relevant prior art references raised in this litigation during prosecution of the '673 patent.  *See* Vaughan Decl., Ex. G.  Braun does not dispute this fact.  Instead, Braun, without giving specifics, suggests that ICU should have produced "information about the issues raised in this litigation," including issues related to Braun's claims of patent invalidity, inequitable conduct, and patent misuse.  Braun Opp. at 13:12-25.

The PTO and its examiners do not require (nor desire) applicants to provide all pleadings, discovery, documents, and testimony in a pending litigation.  *See* Sofocleous Decl. ¶¶ 21-23.  The cases cited by Braun do not hold otherwise.  *Critikon* addressed inequitable conduct in the context of the re-issue of the same patent that was the subject of the litigation.  *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1258-59 (Fed. Cir. 1997).  The applicant in *Critikon* was thus subject to the additional reissue requirements of MPEP §

1  2001.06(c) that specifically require disclosure of questions regarding validity of the patent, or
2  any allegation of "fraud," "inequitable conduct," or "violation of duty of disclosure" be disclosed
3  with the reissue oath or declaration.  *Id.*; *see* also MPEP § 2001.06(c); *see* Sofocleous Decl. ¶ 23.
4  Those requirements do not apply here.  *See* Sofocleous Decl. ¶ 23.  And in *Boehringer* and
5  *Golden Valley*, the defendants identified specific litigation documents and made specific
6  showings of materiality with respect to the omitted materials before a finding of inequitable
7  conduct.  *See Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 68 F. Supp. 2d
8  508, 547-50 (D. N.J. 1999) (defendant identified expert reports and court's opinions and
9  established their materiality to the PTO proceedings); *Golden Valley Microwave Foods, Inc. v.*
10 *Weaver Popcorn Co., Inc.*, 837 F. Supp. 1444, 1465 (N.D. Ind. 1992) (court made findings of
11 fact that established that particular pieces of prior art were disclosed in litigation that would have
12 been material to patentability).  Here, Braun has not identified any specific documents or their
13 purported materiality, which it is required to establish to support its inequitable conduct claim.
14 *See Hoffmann-La Roche*, 323 F.2d at 1359.
15         Braun's nebulous assertions that there was "something else" ICU should have
16 disclosed to the PTO are not evidence, much less clear and convincing evidence, of a material
17 nondisclosure.  All material information raised in the litigation was provided to the '673 patent
18 examiner.  Braun has not come forth with any facts demonstrating otherwise.  Summary
19 judgment should be granted.

20         **B.     The Absence of Evidence on Intent to Deceive Also Entitles
21                  ICU to Summary Judgment.**

22         To prevail on inequitable conduct, Braun must also show by clear and convincing
23 evidence that any omission to the PTO was done with intent to deceive the examiner.  *See Abbott*
24 *Labs. v. Torpharm, Inc.*, 300 F.3d 1367, 1380 (Fed. Cir. 2002).  While evidence of intent to
25 deceive may be circumstantial, it still must be factual: "Intent to deceive can not be inferred
26 solely from the fact that information was not disclosed; there must be a factual basis for a finding

4                                              Case No. CV 02-3202 CRB (MEJ)
PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3

1 of deceptive intent." *See Herbert v. Lisle Corp.*, 99 F. 3d 1109, 1116 (Fed. Cir. 1996). Braun's factual evidence of intent to deceive is lacking.

Braun dedicates much of its Opposition to establishing that the attorney prosecuting the '673 patent had knowledge of the existence of this litigation. *See* Braun's Opp. at 14:22-15:3. Braun then points out that the prosecuting attorney filed a Petition to Make Special alleging that the currently pending claims would be infringed by Braun's Ultrasite. *See* Braun's Opp. at 15:3-13, 17:1-9. By some circular reasoning, Braun then incorrectly concludes that the Petition to Make Special transforms the '204 patent litigation into information material to the prosecution of the '673 patent. *Id.*; *but see* Sofocleous Decl. ¶ 18. That just isn't so.

Moreover, notwithstanding Braun's flawed logic, even if it were correct that the '204 patent litigation was somehow material and known to the prosecuting attorney, the mere fact that it was not disclosed by him is insufficient to prove intent to deceive. None of the cases cited by Braun to infer intent to deceive are factually analogous. Unlike *Critikon*, *Boehringer*, and *Golden Valley*, here, it is undisputed that the information supposedly concealed from the PTO (i.e., the existence of this litigation) was in fact disclosed. The Clerk of the Court gave the PTO notice of this litigation. *See* Vaughan Decl., Exs. C and D. ICU relied in good faith upon that notification and understood it was available to the examiner. *See* Declaration of Carolyn Chang in Support of ICU's Reply to its Motion for Summary Judgment on Braun's Inequitable Conduct Defense ("Chang Decl."), Ex. A at 121:19-21;[1] *see also Haney*, 900 F. Supp. at 1382 ("The court cannot infer an intent to deceive [] from the manner in which the information was

---

[1]

**REDACTED**

Chang Decl., Ex. A at 121:19-21.

5

Case No. CV 02-3202 CRB (MEJ)

PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3

1  conveyed to the Patent Office when the information was, in fact, conveyed."); *Amgen, Inc. v.*
2  *Hoechst Marion Roussel, Inc.*, 126 F. Supp. 2d 69, 147 (D. Mass. 2001) *aff'd* 314 F.3d 1313,
3  1357-58 (Fed. Cir. 2003) (stating that "it seems reasonable for an applicant to expect that a court
4  officer will perform statutory requirements" pursuant to 35 U.S.C. § 290 in notifying the PTO of
5  litigation).

6  ICU had no reason to deceive the PTO; the '673 patent application was published
7  in October 2002 and publicly available. *See* Chang Decl., Ex. B.[2]  Moreover, ICU provided all
8  relevant prior art from this litigation to the '673 patent examiner.  *See* Vaughan Decl., Ex. G.
9  Unlike the defendants in *Critikon*, *Boehringer*, and *Golden Valley*, Braun has not identified any
10 other specific material litigation information that should have been disclosed to the examiner.[3]

---

[2]  Braun's attempt to cobble together an argument of deceptive intent with innuendo of ICU's "secret" patent application fails.  The '673 patent application was published in October 2002, more than a year before issuance and was publicly available to Braun.  *See* Chang Decl., Ex. B.  Earlier in this case, Magistrate Judge James denied Braun's July 2002 Motion to Compel ICU's Pending and Related Patent Applications because Braun had failed to demonstrate the relevancy of ICU's pending applications.  *See* Chang Decl., Ex. C.  Indeed, Braun renewed that motion just last month - this time alleging that ICU's decision to sue on the '673 patent conclusively demonstrated why ICU's pending patent applications were relevant.  Once again, Magistrate Judge James ruled against Braun.  *See* Chang Decl., Ex. D.

[3]  Braun does not give examples of "other material information" or "any assertion [] made during litigation which is contradictory to assertions made to the examiner."  MPEP § 2001.06(c).  Rather, it attempts to concoct an inconsistency between ICU's claim before the PTO that the Ultrasite valve has a "flexible element," and its litigation argument that the Ultrasite valve has a "rigid sealing element."  Braun Opp. at. 17: 21-27.  Braun itself has conceded that the Ultrasite piston assembly consists of a blue flexible elastomeric piston with a rigid post inserted therein.  *See* Braun's Opp. to MSJ Infringement of '204 patent at 5:1-4 (docket # 192).  Thus, the Ultrasite piston assembly is a rigid sealing element made up of a flexible element combined with a rigid support member.  There is no inconsistency and Braun's argument to the contrary cannot create one.
  Braun also claims that because ICU made arguments in this litigation regarding a "taper" in the '204 patent claims, those arguments were relevant to the "taper" limitation in the '673 patent.  Braun misstates facts.  There is no "taper" limitation in the claims of the '204 patent; ICU was describing the "varying maximum diameters" language of the seal claimed in the '204 patent.  Thus, Braun has not identified any '204 patent claim construction arguments relevant to prosecution of the claims of the '673 patent.

PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3

1   With these undisputed facts, no reasonable jury could find an intent to deceive and Braun has

2   failed to present any evidence to the contrary.

3   Recognizing its lack of evidence, Braun claims it is ICU's burden to come

4   forward with evidence of no intent to deceive.  ICU cannot prove a negative, nor should it have

5   to.  Braun bears the burden of proving inequitable conduct by clear and convincing evidence.

6   *Hoffmann-La Roche,* 323 F.3d at 1359.  Discovery has closed and Braun still has no evidence of

7   intent to deceive.[4]  Summary judgment is therefore appropriate.

8   **III.   CONCLUSION**

9   For the foregoing reasons, ICU respectfully requests that this Court grant its

10  Motion for Summary Judgment on Braun's Inequitable Conduct Defense.

11  DATED:  January 28, 2005

12

13                                      Bingham McCutchen LLP

14

15                                      By: _____/s/_____
16                                              Mary T. Huser
                                                Attorneys for Plaintiff
17                                              ICU MEDICAL, INC.

18

19

20

21

22

---

23  [4]   Braun's argument that lack of evidence is due to ICU's failure to provide discovery is
24  without merit.  Braun deposed the '673 patent prosecuting attorney and had the opportunity to
    obtain evidence of inequitable conduct, including intent to deceive - if any such evidence existed.
25  And despite now claiming it was denied discovery, Braun never moved to compel additional
    testimony from the '673 patent prosecuting attorney.

26

7                                                       Case No. CV 02-3202 CRB (MEJ)

PLAINTIFF ICU MEDICAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT B. BRAUN MEDICAL, INC.'S INEQUITABLE CONDUCT DEFENSE

PA/52150638.3